[No. 31627. Department Two. January 4, 1951.]

THE STATE OF WASHINGTON, *on the Relation* of *Safeway Stores, Inc., Plaintiff,* v. SVERRE H. OMDAHL, *as Director of Agriculture, Respondent.*[1]

*W. J. Lindberg* and *Scott, Langhorne & McGavick,* for relator.

*The Attorney General* and *George Downer, Assistant,* for respondent.

GRADY, J.—Safeway Stores, Incorporated, has invoked the original jurisdiction of this court seeking a writ of mandate commanding the director of agriculture to issue it a permit to sell milk through its retail stores in Clark county, Washington.

At its 1949 session, the legislature enacted the Washington state uniform fluid milk act, being chapter 168, p. 429, of the Laws of 1949 (Rem. Supp. 1949, § 6266-30 *et seq.*). The act forbids the sale of milk which is adulterated, misbranded or ungraded. In order to transport or sell milk or milk products, one must secure a permit from either the director of agriculture or an authorized inspection service. Prior to the issuance of a permit, and at least every six months, the director is required to inspect all dairy farms and milk plants. He may accept the result of periodic industry inspections of producer dairies if such inspections have been officially checked periodically and found satis-

[1] Reported in 225 P. (2d) 1065.

factory. Milk and milk products from outside of the state of Washington may not be sold therein unless produced or pasteurized under provisions equivalent to the requirements of the act. The applicable parts of the act relating to the question before us are § 11 (Rem. Supp. 1949, § 6266-39), § 17 (Rem. Supp. 1949, § 6266-45), and § 18(a) (Rem. Supp. 1949, § 6266-46). They provide as follows:

Sec. 11. "Milk and milk products from outside the State of Washington may not be sold in the State of Washington unless produced and/or pasteurized under provisions equivalent to the requirements of this act: *Provided,* That the Director of Agriculture shall satisfy himself that the authority having jurisdiction over the production and processing is properly enforcing such provisions."

Sec. 17. "Any city, township or county desiring to maintain and operate a local milk inspection service unit shall make application in writing to the Director of Agriculture for a certificate of approval. Upon receipt of such application the Director of Agriculture shall investigate and determine whether the city, township or county is entitled to approval in the maintenance and operation of a local milk inspection service unit, and if so the Director of Agriculture, with the consent and approval of the Director of the State Department of Health, shall issue the certificate applied for. The boundaries of jurisdiction of the local milk inspection service unit shall be defined by the Director of Agriculture after investigation and consultation with the health officer of the local milk inspection service unit taking into consideration among other things the geographical convenience of the area and the amount of fluid milk and fluid milk products sold or delivered within the area. Upon receipt of such certificate of approval the local milk inspection service unit shall have full authority through the health officer to perform all of the duties relative to the enforcement of the provisions of this act and to the issuing, suspension and revocation of permits within the defined jurisdiction of such local milk inspection service unit. Any certificate of approval may be cancelled by the Director of Agriculture after thirty (30) days notice in writing to the holder of the certificate of approval should the local milk inspection service unit be found incompetent, inadequate, improper or remiss in any particular."

Sec. 18. "(a) Whenever a milk producer or milk distributor intends to deliver or sell fluid milk or fluid cream

outside the jurisdiction of his own local milk inspection service unit, the Director of Agriculture, on application and after investigation and consultation with the health officer of each local milk inspection service unit concerned, shall designate which local milk inspection service unit shall conduct the inspections. The Director of Agriculture, in making such designations, shall in addition to other matters considered by him, take into consideration the geographical convenience of each local milk inspection service unit and the percentage of fluid milk or fluid cream sold and/or delivered within the jurisdiction of such local milk inspection service units. All fluid milk and fluid milk products so inspected may be sold and delivered within the jurisdiction of any local milk inspection service unit: *Provided*, That applicable ordinances of political subdivisions of government in said jurisdiction more stringent than, and not inconsistent with, the provisions of this act are not thereby violated. The local milk inspection service unit designated by the Director of Agriculture to render such inspection service shall issue permits in accordance with applicable provisions of all local ordinances of each city, township or county into which fluid milk or fluid milk products are sold or delivered."

The controversy brought to us for adjudication arises out of the following situation: Relator transacts business in the states of Washington and Oregon. It operates a milk processing plant at Portland, Oregon. A large part of the milk it processes in that plant comes from Washington. It desires to transport its processed milk into the state of Washington and sell it through its retail stores in Clark county.

Clark county-city of Vancouver department of public health has been constituted a local milk inspection service unit. The area embraced within the unit is Clark county. Relator has made application to both the unit and the director for a permit to sell milk within the unit. We gather from the record that neither the unit nor the director has issued a permit, not because of any inability or unwillingness on the part of relator to meet all of the requirements of the law, but because each considers that the other has exclusive jurisdiction to issue such permit.

The act, so far as the question before us is concerned, is plain and unambiguous, so we have no problem involving the application of rules of interpretation or construction.

The jurisdiction of any unit, through its health officer, does not extend beyond its boundaries, except in a situation which might arise under § 18 (a) when a milk producer or milk distributor doing business in a certain unit intends to deliver or sell his product outside the jurisdiction of his own local unit. The director is required, in cooperation with the health officer of each local unit concerned, to designate which unit shall conduct necessary inspections, and it is that unit which may issue permits.

A foreign producer must secure a permit to transport into and sell his product in this state. The authority authorized by the act to deal with the producer is the director of agriculture. The director has the duty to determine whether such producer is governed by laws equivalent to the requirements of our act and that such laws are being enforced. He is required to periodically inspect all milk plants where milk and milk products are produced.

It must necessarily follow that it is the director who must issue a permit to a foreign producer, if found qualified, to transport into and sell his product in this state. The act does not give a unit the authority to grant a permit to a foreign producer. Its whole tenor indicates that the acts and authority of the local unit must be confined to its territorial limits, and it must therefore follow that it can issue permits only to producers operating therein, or in some other unit within the state.

It is our opinion that, when relator applied to the director of agriculture for a permit, it was his duty to forthwith comply with § 11 of the act, and if he found that relator was meeting the requirements of the act, to issue it a permit.

The application for a writ of mandamus directed to the respondent is granted. The order will direct him to make the necessary inspection of relator's plant, and, upon being

satisfied that it meets the requirements of the laws of Washington, to issue it a permit.

Simpson, C. J., Schwellenbach, Robinson, and Hamley, JJ., concur.